State, ex rel. Christian Hansen, appellee, v. F. L. Carrico, appellant.

Filed April 9, 1910. No. 15,985.

1. **Process.** "All process shall run in the name of 'The State of Nebraska.'" Const. art. VI, sec. 24.

2. ———. "The style of all process shall be, 'The State of Nebraska, ——— county.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it issued." Code, sec. 880.

3. ———. "All writs and orders for provisional remedies and process of every kind, shall be issued by the clerks of the several courts." Code, sec. 883.

4. **Mandamus: Issuance of Writ.** The provisions of section 650 of the code, requiring that the allowance of the writ of mandamus must be indorsed on said writ signed by a judge of the court granting it, does not authorize the judge to issue the writ, either alternative or peremptory. The order allowing the writ to issue is the extent of his power. It is for the clerk of the district court of the county where the suit is pending to issue the writ, authenticated by the seal of the court.

5. ———: ———. A writ of mandamus cannot be legally issued until the petition therefor is filed in the office of the clerk of the district court and the writ allowed by the judge.

Appeal from the district court for Kearney county: Harry S. Dungan, Judge. *Reversed and dismissed.*

*F. L. Carrico* and *Lewis C. Paulson,* for appellant.

*M. D. King, contra.*

Reese, C. J.

This is an appeal from the district court for Kearney county. On the 14th day of September, 1908, relator presented to the Honorable Harry S. Dungan, the judge of the district court of the tenth judicial district, in the city of Bloomington, in Franklin county, a motion, petition and affidavit by which a peremptory writ of mandamus was sought against the defendant, the county judge

of Kearney county, requiring him to change the record of
the date of a judgment rendered by him against relator.
It was alleged in the petition that on a date not named
one Christian Peterson commenced an action against re-
lator and another to recover an amount claimed to be due
for merchandise alleged to have been sold the defendants
in said action; that the summons was duly served, and
on the date therein named (August 24) the parties ap-
peared, the cause was tried, submitted and taken under
advisement by defendant until the 26th day of August,
1908, at the hour of 10 o'clock A. M.; that on said date
(August 26) the defendant was absent from his office,
and, as relator was informed and believed, "was absent
from Kearney county, Nebraska, and nothing was done on
said date relative to said cause"; that nothing was done
in said cause until on or about the 2d day of September,
1908, and that on or after said day, the exact date being
unknown to relator, defendant entered the judgment
against relator for the sum of $24.60, and costs, but dated
the entry thereof back to August 26, the date to which the
cause had been taken under advisement; that at the date
of the actual entry of the judgment defendant lost juris-
diction of the cause and had no authority to render such
judgment; that on the 8th day of September, 1908, relator,
believing that the judgment had been rendered September
3d, filed his bond for appeal, which was duly approved
and filed by defendant, but that owing to the judgment
having been dated August 26, the time for appeal having
expired, relator would be deprived of his right of appeal.
Averments of demand and refusal were made. The prayer
was that a peremptory writ issue commanding defendant
to change the date of the judgment upon his docket. The
petition was sworn to by relator's attorney, and there-
with was presented an affidavit by the same person, re-
citing substantially the same facts. A paper, designated
"alternative writ", was issued by the district judge, re-
citing that the cause came on for hearing at chambers in

32

the city of Bloomington, and a number of special findings were set out in numerical order up to and including number 12, which it is hardly deemed necessary to notice, except, perhaps, number 10, wherein it is found that the county judge (defendant) had lost jurisdiction over said cause at the time the purported judgment was rendered, and that said judgment is void, the concluding paragraph being as follows: "Wherefore it is ordered by this court that the defendant herein, the county judge of said county, at once correct his records to conform with the facts herein stated, to wit, that the said judgment be entered of record as of September 3d, 1908, or that he show cause on or before September 17, 1908, why he should refuse so to do." This was signed by the judge alone. The papers were returned to Minden, to or by whom is not shown, and a copy of these findings was served upon defendant, and thereafter the papers were filed in the office of the clerk of the district court. Upon the date set as return day, defendant made a special appearance objecting to the legality of the proceedings upon various grounds; one being that as no action was pending in the district court at the time of the application for the writ to the judge, or its issuance, nor yet at the time of the service of the copy upon defendant, the proceedings detailed were void. The objections were overruled and an order for a peremptory mandamus was directed to issue, and a paper issued similar to the first order, but closing with the words, "Wherefore it is ordered by this court that the defendant herein, the county judge of said county, at once correct his records to conform with the facts herein stated, to wit, that said judgment be entered of record as of September 3d, 1908", and which was signed by the judge, and not by the clerk, nor under the seal of the court. There does not appear to have been any order, citation or other paper signed or issued by the clerk, nor does the order issued run in the name of the state.

It is provided by section 880 of the code that "the style of all process shall be, 'The State of Nebraska, —————'

State v. Carrico.

county.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it issued." By section 883 it is provided that "all writs and orders for provisional remedies and process of every kind, shall be issued by the clerks of the several courts. Before they shall be issued, a precipe shall be filed with the clerk, demanding the same; which precipe shall be for the direction of the clerk, and not material to the papers in the case after the issuing of such writ or process." It is also provided by section 24, art. VI of the constitution, that "all process shall run in the name of 'The State of Nebraska.' "

An examination of the process issued in this case shows that every provision of these sections has been violated, or, to say the least, ignored. Section 650 of the code provides: "The allowance of the writ (of mandamus) must be indorsed thereon signed by a judge of the court granting it, and the writ must be served personally upon the defendant. If the defendant duly served neglect to return the same, he shall be proceeded against, as for a contempt." While this section does not permit the issuance and service of the writ until it is allowed and granted "by a judge of the court granting it", yet we know of no statute authorizing the judge to *issue* the writ, either alternative or peremptory, without the seal of the court, as was done in this case. The petition should have been filed with the clerk, and the writ allowed by the judge issued by the clerk, and then served upon the defendant. The course of procedure is plainly given by the constitution and statutes, and should be followed. The effect of other irregularities need not be noticed.

We are compelled, therefore, to hold the whole proceeding in the district court void. The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED,