PAUL E. RHODES, APPELLANT, v. NORVAL HOUSTON, SHERIFF OF MORRILL COUNTY, NEBRASKA, AND NORVAL HOUSTON, APPELLEE.

108 N. W. 2d 807

Filed April 28, 1961.     No. 35039.

*Paul E. Rhodes,* pro se.

*Clarence A. H. Meyer,* Attorney General, *Rush C. Clarke,* and *James L. Macken,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This matter is before the court upon the motion of appellee to dismiss the appeal. The appeal is from the "judgment" of the district court for Morrill County of February 25, 1961, "together with denial of Motions of

Relator of April 26, 1960 and other rulings of court adverse to relator."

This is a proceeding upon a petition for a writ of habeas corpus originally filed in the county court of Morrill County, Nebraska. The county court discharged the relator. The respondent, the sheriff of Morrill County, Nebraska, then appealed to the district court where the action is now pending.

The "judgment" of February 25, 1961, referred to by the relator who is the appellant here, is an order overruling several motions filed by the relator. One of the motions filed April 26, 1960, was a motion to strike the return or certain parts thereof. A motion filed July 20, 1960, requested that the relator be discharged from custody for the reason that the return failed to set forth the authority for the imprisonment of the relator as required by section 29-2817, R. R. S. 1943. A motion filed February 15, 1961, alleged that the relator was imprisoned in the penitentiary under a sentence for contempt of court which was alleged to be illegal and void and requested that the warden be required to show cause for the imprisonment of the relator and that, upon hearing, the relator be released from imprisonment. This last motion is an attempt to inject an issue into this case that was not before the county court and, properly, cannot be before the district court on appeal.

The appellate jurisdiction of the Supreme Court with respect to matters appealed from the district court is limited to a review of judgments and final orders. Art. V, § 2, Constitution of Nebraska; § 25-1911, R. R. S. 1943. "The test of finality for the purpose of an appeal in a habeas corpus proceeding is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment. Any judgment which ends the particular action or proceeding is final for the purposes of appeal, if an appeal is permissible." Tail v. Olson, 144 Neb. 820, 14 N. W. 2d 840.

The relator had been charged with arson and the petition filed in the county court sought a review of the sufficiency of the evidence adduced at a preliminary hearing held in the district court. The statute contemplates that in such a habeas corpus proceeding the relator be discharged, committed, or let to bail. § 29-2806, R. R. S. 1943. The record shows that the relator at this time has not been discharged, committed, or admitted to bail by the district court. Thus, there has been no judgment or final order in the district court and the attempted appeal is from interlocutory rulings. This court has no jurisdiction to review these rulings at this time and, therefore, the appeal must be dismissed.

Since this court is without jurisdiction, the other matters raised by the appellee and the appellant cannot be considered at this time.

MOTION TO DISMISS APPEAL SUSTAINED.·