PAUL E. RHODES, APPELLANT, V. STAR HERALD PRINTING CO., A CORPORATION, ET AL., APPELLEES.

113 N. W. 2d 658

Filed March 9, 1962. No. 35149.

*Paul E. Rhodes,* pro se.

*Atkins, Ferguson & Nichols* and *James L. Macken,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and SCHEELE, District Judge.

CARTER, J.

This is an action for libel brought by the plaintiff, Paul E. Rhodes, against the defendants, Star Herald Printing Company, a corporation, the Scottsbluff Star Herald, Len Propp, Floyd Wisner, Norval Houston, and Maryland Casualty Company, Inc. The trial court sustained general demurrers to the petition and, upon failure of the plaintiff to file an amended petition, dismissed the action. Plaintiff has perfected his appeal to this court.

The action is grounded on a news article published in the Scottsbluff Star Herald, a daily newspaper of general circulation in western Nebraska, which is owned by the Star Herald Printing Company, a corporation. Floyd Wisner is alleged to be the publisher of the Scottsbluff Star Herald and Len Propp is alleged to be the writer of the article constituting the basis for the action. The petition alleges that Norval Houston is the sheriff of Morrill County, Nebraska, and the person alleged to have communicated the statements, contained in the published article, to Len Propp with the intention that they be published for the purpose of damaging the business and reputation of the plaintiff, a practicing lawyer at Bridgeport, Nebraska.

The headline of the published article, dated January 14, 1960, stated: "Sheriff Continues Search for Bridgeport Attorney Rhodes." The article continued in substance as follows: The sheriff of Morrill County late Wednesday said he is still looking for Paul E. Rhodes, a Bridgeport attorney, whom he intends to take into custody unless a $1,000 bond is posted. He stated that

he had been unable to find Rhodes since he had been released from jail on Tuesday. The bond referred to by the sheriff was set by Judge A. W. Crites of Chadron following a hearing in district court on Monday in which Rhodes was charged with second degree arson. Earlier in the day Rhodes released a $1,000 bond posted on December 5, after a preliminary hearing on the same day, was taken into custody, and filed for a writ of habeas corpus. He was brought before Judge McFarland, a hearing was set for January 27, and he was released without bond. After Judge Crites again set a $1,000 bond, Rhodes declined to post bond and was lodged in the county jail at Gering. At Gering he was also issued a writ of habeas corpus and released on a $1,000 bond after hearing was set for February 2.

It is the contention of plaintiff that the foregoing is libelous per se and that it was not published with good motives and justifiable aims. It is alleged that the publication was made for the sole purpose of injuring the plaintiff in his business and to cause him and his family mental pain and anguish, which he asserts they have suffered. He alleged that his business, his reputation, and his credit have been damaged in the aggregate sum of $998,000, for which amount he prayed judgment.

A party who stands on a general demurrer to a petition thereby admits the material facts averred, and must take all the consequences which result from such admission. Panebianco v. City of Omaha, 151 Neb. 463, 37 N. W. 2d 731. For the purposes of this appeal we shall treat the facts well pleaded as true. It will be noted, however, that plaintiff does not contend that the facts stated in the published article are false. The published article does not charge the plaintiff with the commission of crime or assert that he is a fugitive from justice. It does state that the sheriff of Morrill County intends to take Rhodes into custody for failure to post a $1,000 bond fixed by the district court. The conten-

tion of plaintiff that the published article imputes an indictable offense cannot be sustained.

In World Publishing Co. v. Mullen, 43 Neb. 126, 61 N. W. 108, 47 Am. S. R. 737, this court stated the general rule to be as follows: "The rule is that any language the nature and obvious meaning of which is to impute to a person the commission of a crime, or to subject him to public ridicule, ignominy, or disgrace, is actionable of itself." See, also, Barry v. Kirkland, 149 Neb. 839, 32 N. W. 2d 757.

In Fitch v. Daily News Publishing Co., 116 Neb. 474, 217 N. W. 947, 59 A. L. R. 1056, this court said: "A newspaper is allowed to make comments, draw deductions, and slightly add to court documents, if such inferences are fair, honest, and truthful deductions from the privileged proceedings, but of course it does not follow that a newspaper has permission to publish a lie at any time." In the foregoing case we cited the following with approval: "It is not open to dispute that a fair report in a newspaper of pending judicial proceedings is proper, and that this privilege extends to all matters which have been made the subject of judicial proceedings, though such proceedings may be merely preliminary, or interlocutory, or even ex parte."

The article published appears to be a fair and impartial statement of facts dealing with judicial proceedings, the truth of which is not denied. It appears to have been published in good faith and to have been free from malice. The plaintiff contends that animus and malice appear by innuendo. We point out that in an action for libel per se the language of the publication can alone be looked to, giving the language its usual and ordinary meaning. Innuendo may not be resorted to in such a case except when it is supported by the language of the publication without outside aid. Layne v. The Tribune Co., 108 Fla. 177, 146 So. 234, 86 A. L. R. 466.

An examination of the published article reveals that it is a mere statement of facts. It does not purport to

charge the plaintiff with a crime. It does not subject him to ridicule, ignominy, or disgrace. It purports only to be a statement of the acts of the courts and their officers in relation to court proceedings, the fixing of bonds, the failure of plaintiff to post bond, and the attempt of an officer to take plaintiff into custody in default of such bond. Such a statement recites facts which the public is entitled to know and falls within the rule of qualified privilege that protects a newspaper in the dissemination of news. See Restatement, Torts, § 611, p. 293.

It was likewise proper for the sheriff to detail the circumstances and the facts that brought about the existing situation. Kilgore v. Koen, 133 Ore. 1, 288 P. 192. Public officers have a qualified privilege in reporting news items with reference to the duties and functions of their offices. Such qualified privilege extends to fair and accurate reports germane to their public duties and made in good faith without malice. Fitch v. Daily News Publishing Co., *supra;* Kilgore v. Koen, *supra.*

Under the foregoing authorities the petition of plaintiff does not state a cause of action for libel per se. The trial court therefore properly sustained the demurrer and dismissed the action. See McClure v. Review Publishing Co., 38 Wash. 160, 80 P. 303.

Plaintiff contends that the order dismissing his petition is void for the reason that it was made on a Saturday. This point is controlled by section 25-2221, R. S. Supp., 1959, which states in part: "Notwithstanding any other provision of law, all courts and their offices may be closed on Saturdays, Sundays, and (named holidays)." By this provision, the Legislature left to the discretion of the courts as to whether or not the courts and their offices should be closed on Saturdays, Sundays, and holidays. When in the judgment of the court it is necessary to hold court on any such days, it is within the province of the court to do so. On the other hand, the court may with propriety decline to hold court on any of such days. The record shows that plaintiff had ample notice of the

date of the hearing. It is not contended by plaintiff that he was in any manner prejudiced by the action of the court in setting the hearing on a Saturday. There is no merit to plaintiff's contention on this assignment of error.

The judgment of the trial court is in all respects correct and it is affirmed.

AFFIRMED.