PAUL E. RHODES, APPELLANT, V. ALBERT W. CRITES ET AL., APPELLEES.

113 N. W. 2d 611

Filed March 9, 1962. No. 35150.

*Paul E. Rhodes*, pro se.

*Clarence A. H. Meyer*, Attorney General, *Gerald S. Vitamvas*, and *James L. Macken*, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and SCHEELE, District Judge.

Messmore, J.

This is an appeal from an order of the district court for Morrill County, Nebraska, dismissing the plaintiff's action after the plaintiff failed to file an amended petition in compliance with the order of the court to make his petition more definite and certain.

The plaintiff's petition was filed in the district court for Morrill County on August 30, 1960. The pertinent allegations of the plaintiff's petition were in substance as follows: That on January 11, 1960, at Bridgeport, Morrill County, Nebraska, the defendants and Clarence S. Beck, through his special assistant, Rush C. Clarke, unlawfully, maliciously, and with intent to injure the plaintiff, did by force compel the plaintiff to enter the county jail of Morrill County, and later the county jail of Scotts Bluff County, on said day, in Bridgeport, Morrill County, and Gering, Scotts Bluff County, and did transport said plaintiff by force, against his will, from Morrill County into Scotts Bluff County and therein imprison the plaintiff in the county jail of Morrill County and in the county jail of Scotts Bluff County, and then and there detained the plaintiff and restrained him of his liberty for a period of approximately 22 hours, without reasonable cause and without right or authority to do so, against the will of the plaintiff, whereby the plaintiff was injured in his credit and by the unfavorable publicity that was secured therefrom; that the plaintiff was prevented from attending his necessary affairs and business during that time, and was forced to spend money for counsel fees in securing his discharge from said unlawful imprisonment; that the plaintiff was forced to spend his own time in securing said discharge from the unlawful imprisonment; and that because of said false and unlawful imprisonment the plaintiff suffered embarrassment and humiliation. The plaintiff prayed for damages.

On September 26, 1960, the defendants filed in the district court for Morrill County a motion requiring

the plaintiff to make his petition more definite and certain, setting forth certain particulars with which the defendants claimed the plaintiff should be required to comply.

On December 19, 1960, the plaintiff filed an application for transfer of trial to another judge on account of the bias and prejudice of the presiding judge, supported by an affidavit of the plaintiff.

On the same date, December 19, 1960, the plaintiff's motion to transfer this case for hearing by another judge was overruled.

The motion of the defendants to require the plaintiff to make his petition more definite and certain was overruled in part and in part sustained on the same date. The parts of the motion to require the plaintiff to make his petition more definite and certain which were sustained are as follows: To set forth in unnumbered paragraph 2 of the petition the particular facts showing in what manner and by what means the defendants, and each of them, participated in the use of force against the plaintiff causing him to enter the county jail of Morrill County; to set forth in unnumbered paragraph 2 of the petition the particular facts showing in what manner and by what means the defendants, and each of them, participated in the use of force against the plaintiff causing him to enter the county jail of Scotts Bluff County; and to set forth in unnumbered paragraph 2 of the petition the particular facts relied upon to show in what manner and in what way the said imprisonment was false and unlawful.

On December 27, 1960, the plaintiff filed a motion for new trial or for rehearing.

On March 29, 1961, there was filed in the district court for Morrill County, a notice as follows: "You are hereby notified that the Hon. Edmund Nuss will be in Bridgeport on Saturday, April 15, 1961, and I will on that date ask him to take up all matters pending in the above case, at 10:00 o'clock A.M. on that date or as soon thereafter as

it may be heard. Dated this 24th day of March, 1961. ALBERT W. CRITES, et al., Defendants By /s/ James L. Macken  James L. Macken, Their Attorney." There was a return relating to the service of the above notice, as follows: "I hereby certify that on March 27th, 1961, I served the foregoing notice upon Paul E. Rhodes, plaintiff, by delivering to him personally in Lancaster County, Nebraska, a true copy thereof." This return was signed by Kenneth W. Nelson, deputy, for Merle C. Karnopp, sheriff, and indicated that it was received at 9:27 a.m., on March 27, 1961.

On April 14, 1961, the plaintiff filed a motion for continuance. On April 25, 1961, a journal entry dated April 15, 1961, was filed, in which the plaintiff's motion for continuance was overruled, and the plaintiff's motion for new trial or rehearing was overruled. The plaintiff was allowed 30 days from date to file his amended petition as authorized by the order of December 19, 1960. It was ordered that if such amended petition was not filed within 30 days from date (April 15, 1961) the case should stand dismissed. The above orders were made by Judge Edmund Nuss, and a copy of the orders was handed to Paul E. Rhodes on April 21, 1961, by John B. Greenholtz, deputy warden of the State Penitentiary.

On June 8, 1961, the plaintiff filed a notice of appeal directed to the orders of the district court of December 5, 1960, December 19, 1960, and April 15, 1961.

On August 15, 1961, there was filed in the district court for Morrill County the following journal entry: "Now on this 15th day of August, 1961, * * * the court observes that plaintiff has failed to file an amended petition as required by the journal entry of this court entered April 15, 1961, and the court finds that the case should be dismissed, as of May 16, 1961. IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that this case be, and it hereby is, dismissed at plaintiff's costs. BY THE COURT: /s/ Edmund Nuss  District Judge."

On August 17, 1961, there was filed in the district court for Morrill County a notice, and return made on such notice, as follows: "NOTICE TO PAUL E. RHODES: You are hereby notified that Judge Edmund Nuss will be in Bridgeport on Tuesday, August 15, 1961, at 10:00 o'clock A.M., Mountain Standard Time, and at that time he will be asked to take up and hear all matters pending in all cases in which you are interested as a party or as an attorney. Dated this 15th day of July, 1961. /s/ James L. Macken County Attorney /s/ James L. Macken Attorney." The return was made on this notice as follows: "I certify that the foregoing notice was personally served on Paul E. Rhodes on the 28th day of July, 1961. Merle Karnopp, Sheriff, By /s/ Leonard R. Schafer Deputy."

The plaintiff filed his notice of appeal herein on September 11, 1961.

There is also a bill of exceptions showing trial before the Hon. Edmund Nuss, district judge, at Bridgeport, Nebraska, on April 15, 1961. It shows notice to the plaintiff, Paul E. Rhodes, that the Hon. Edmund Nuss would be in Bridgeport on Saturday, April 15, 1961, to take up all matters pending in the above case at 10 o'clock a.m., on that date or as soon thereafter as it might be heard. This was dated March 24, 1961. The return was made on this notice as follows: "I hereby certify that on March 27th, 1961, I served the foregoing notice upon Paul E. Rhodes, plaintiff, by delivering to him personally in Lancaster County, Nebraska, a true copy thereof. Dated the day above written. Merle C. Karnopp Sheriff By Kenneth W. Nelson Deputy."

The bill of exceptions also shows that the motion for rehearing should be overruled, and that the plaintiff should be given 30 additional days in which to file an amended petition if he so desired. This matter was before the Hon. Edmund Nuss who presided in the district court for Morrill County on April 15, 1961. (Exhibit

No. 1 is the notice to show proof of service and was received in evidence.)

The question presented by this appeal is whether or not the action of the district court in dismissing the action of the plaintiff, after the plaintiff's failure to file an amended petition pursuant to the order of the trial court, was a proper order.

Section 25-833, R. R. S. 1943, provides in part: "* * * when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

In Western Travelers' Accident Assn. v. Munson, 73 Neb. 858, 103 N. W. 688, the court said: "Ordinarily, it is only necessary to plead the ultimate facts upon which the pleader relies. Such facts, of necessity, are conclusions drawn from intermediate and evidential facts. If the ultimate facts are not stated with sufficient certainty, the remedy is by motion."

If the allegations are uncertain or indefinite, the remedy is by motion. See Burr v. Boyer, 2 Neb. 265, wherein the court said: "If the allegations are so indefinite or uncertain that the precise meaning is not apparent, the remedy of the other party is an application to the Court to have the pleading in that particular made more definite and certain. Code, sect. 125; Olcutt v. Carroll, 39 N. Y., 436."

The plaintiff, in his first assignment of error, asserts that the trial court erred in failing to find that Judge Van Steenberg was disqualified from acting as judge in this case. It is true that Judge Van Steenberg refused to disqualify himself. The record shows that on December 19, 1960, Judge Van Steenberg filed his order sustaining, in part, the defendants' motion to make more definite and certain, as heretofore mentioned. All subsequent orders in this case were rendered by Judge Edmund Nuss. Since the order of Judge Edmund Nuss gave the plaintiff an additional time in which to plead,

namely 30 days, if any error occurred by reason of Judge Van Steenberg's participation in this action, it was cured by the subsequent consideration of the case by Judge Edmund Nuss.

The defendants take the position that the sustaining of the motion to make the petition more definite and certain is within the discretion of the trial court. The plaintiff did not contend nor point out wherein he would be prejudiced by the order requiring him to plead further. It is apparent that his contention in this court is that the petition as filed in the district court for Morrill County was definite and certain enough to sustain a valid claim, and adequate enough to advise the defendants of the charge against them.

The defendants in this action are designated by name, with no allegation of their official capacities. Judicial notice is taken of the judges and justices within the state, and of numerous other court officials. See 31 C. J. S., Evidence, § 48, p. 613. Judicial notice will also be taken of public officers and their official positions and authority within the jurisdiction of the court. See 31 C. J. S., Evidence, § 37, p. 594. Thus, Albert W. Crites is a district judge. Clarence S. Beck, at the time of the alleged false imprisonment, was the Attorney General of the State of Nebraska.

The plaintiff alleges in his petition that Clarence S. Beck, "through his special assistant and agent, Rush C. Clarke," performed the acts complained of. Norval E. Houston was sued as the sheriff of Morrill County. It therefore appears that the acts of the individuals concerned were official acts. If so, it is the defendants' position that they are entitled to know this, and that it would not be a burden nor prejudicial to the plaintiff to so state in his petition. If the position of the plaintiff is that the acts were not done in an official capacity then a different standard of pleading could be applied, but if, for instance, it appears that Judge Crites is sued for his actions as a district judge, then the following

statements of the court in the case of Olmsted v. Edson, 71 Neb. 17, 98 N. W. 415, would be pertinent: "It will be observed that the gravamen of the plaintiffs' petition was the act of the alleged illegal or false imprisonment on the part of the defendant Edson. It may be stated at the outset that, in order to state a cause of action in such a case, the petition must allege facts, not the conclusions of the pleader, from which it clearly appears that the officer acted without jurisdiction, or that the evidence sought to be elicited from the witness was of such a character as would justify him in refusing to testify. It is a familiar rule that a judicial officer, whether of a court of limited or general jurisdiction, is not liable in a civil action for acts performed in his judicial capacity, if he has acquired and does not exceed the jurisdiction conferred on him by law."

In Schuster v. Douglas, 156 Neb. 484, 56 N. W. 2d 618, this court said: "An order of the district court requiring a petition to be made more definite and certain will be sustained on appeal unless it clearly appears that the court abused its discretion to the prejudice of the plaintiff." See, also, Northport Irrigation Dist. v. Farmers Irrigation Dist., 125 Neb. 607, 251 N. W. 174; Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453. The court went on to say: "In the light of the record the only proper basis upon which the motion to dismiss could have been sustained was that the plaintiff failed timely to comply with the order of the court to make the petition more definite and certain. Assuming therefore that the order was so based the order of dismissal is on that ground affirmed."

In the instant case the order to require the plaintiff to make his petition more definite and certain was well taken. It would not have been difficult for the plaintiff to comply with the order by alleging the facts as required by that part of the motion sustained by the trial court.

The next question raised by the plaintiff is whether

or not the trial court may be open and hold a hearing on a Saturday.

Section 25-2221, R. S. Supp., 1959, provides in part: "The last day of the period so computed is to be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as provided in this section, in which event the period runs until the end of the next day on which the office shall be open. Notwithstanding any other provision of law, all courts and their offices may be closed on Saturdays, Sundays, and these holidays: * * *. If any such holiday falls on Sunday, the following Monday shall be a holiday. Court offices shall be open on all other days." The present section of the statutes was enacted by the 1959 Legislature. L. B. 450, Laws 1959, c. 108, § 1, p. 437.

Section 25-2221, R. R. S. 1943, which section was amended, merely provided for the method of computing the time within which an act should be done. Under this provision, Sunday, if the last day in which an act was to be done, was to be excluded in computing time. L. B. 450 also repealed section 24-316, R. R. S. 1943, which read in part: "No court shall be opened, nor any judicial business be transacted, on Sunday, or on January 1, May 30, July 4, December 25, or the fourth Thursday in November, except * * *. Except on Sundays and on holidays herein mentioned, courts may be opened and may transact any kind of judicial business."

It will be observed that the present law permits courts and their offices to be closed on the days mentioned. The specific prohibition against courts being opened on certain named days was removed from the law, and the matter is left to the discretion of the court. There is nothing in section 25-2221, R. S. Supp., 1959, that requires the court to be closed on Saturdays.

There was no attempt on the part of the plaintiff to comply with the order of the court to make his petition more definite and certain. He had adequate and ample

time to allege facts in an amended petition to meet the requirements of that part of the defendants' motion to make plaintiff's petition more definite and certain, had he chosen to do so.

On July 19, 1961, the plaintiff filed a motion showing that he was imprisoned by Norval Houston, sheriff of Morrill County, and praying that the court direct the defendant Norval Houston to bring the plaintiff before the court to present the motion pro se, and to further direct the defendant Norval Houston to provide the plaintiff with the necessary papers, books, and supplies for the preparation of brief on appeal. The trial court overruled this motion on August 15, 1961. This matter was wholly immaterial to this appeal, and the trial court's ruling on this motion was correct.

As heretofore stated, the only question before this court was whether or not the trial court erred in dismissing the plaintiff's action after failure of the plaintiff to file an amended petition pursuant to an order of the trial court. We conclude, from the record before us, that the judgment of the trial court should be affirmed.

AFFIRMED.