Paul E. RHODES, Appellant,

v.

Norval HOUSTON et al., Appellees.

Paul E. RHODES, Appellant,

v.

Clarence A. H. MEYER et al., Appellees.

Paul E. RHODES, Appellant,

v.

Richard M. VAN STEENBERG et al., Appellees.

Nos. 18889, 18964 and 19012.

United States Court of Appeals
Eighth Circuit.

Dec. 4, 1969.

Paul E. Rhodes, pro se.

Robert A. Nelson, Special Asst. Atty. Gen. of Nebraska, Lincoln, Neb., and John R. Baylor, Baylor, Evnen, Baylor, Urbom & Curtiss, Lincoln, Neb., for appellee; Clarence A. H. Meyer, Atty. Gen. of Nebraska, Lincoln, Neb., with them on the brief.

Before VOGEL, BLACKMUN and BRIGHT, Circuit Judges.

## PER CURIAM.

Paul E. Rhodes is once again before us. This time he appeals from the district court's denial of his several motions, and supplements thereto, asserted under Rule 60(b), Fed.R.Civ.P., to vacate three judgments theretofore entered. Judges Van Pelt and Delehant sat jointly in the district court. Their joint memorandum is reported as Rhodes v. Houston, 258 F.Supp. 546 (D.Neb.1966). The three judgments in question are those ensuing from Rhodes v. Houston, 202 F.Supp. 624 (D.Neb.1962, Judge Van Pelt), aff'd 309 F.2d 959 (8 Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719; Rhodes v. Meyer, 225 F.Supp. 80 (D.Neb.1963, Judge Delehant), aff'd 334 F.2d 709 (8 Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186; and Rhodes v. Van Steenberg, 225 F.Supp. 113 (D.Neb.1963, Judge Delehant), aff'd 334 F.2d 709 (8 Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186.

Mr. Rhodes supplements his appeals with a motion for summary reversal and with still another motion to strike the appearances of Robert A. Nelson and Clarence A. Meyer. Upon our inquiry at oral argument in October 1969 as to why a decision made in the district court in 1966 is only now reaching us, we were advised by Mr. Rhodes that the appeals had been deferred pending completion of litigation in the District of Kansas. See Lumbermens Mut. Cas. Co. v. Rhodes, 403 F.2d 2 (10 Cir. 1968), cert. denied, 394 U.S. 965, 89 S.Ct. 1319, 22 L.Ed.2d 567.

Rhodes' thesis here is that his Nebraska state court conviction and sentence for contempt on November 21, 1960, were utterly void because he was not present at the time, was not represented by counsel, and was forced to incriminate himself; that this voidness in turn renders void the district court's dismissal of his motions to vacate; and that the dismissals deprive him of due process in violation of the fifth amendment.

We are not inclined to tread once again this already very familiar ground. We readily understand Rhodes' bitterness and frustration with what he feels was unfairness and impropriety. He has lost much but, in fairness, much, if not all, of what he has lost is due to his own actions and his own misjudgments. Rhodes was a lawyer admitted in 1943 to both the bar of the State of Nebraska and the bar of the United States District Court for the District of Nebraska.[1] He knows the judicial process and should know the meaning of finality.

Most, if not all, of what Rhodes urges now has been decided adversely to him heretofore, has been repeatedly so decided, has been affirmed on appeal, and has been refused review by certiorari by the Supreme Court of the United States. The concept and development of the Kansas litigation and its culmination in Chief Judge Murrah's opinion at 403 F.2d 2, supra, and in the denial of certiorari in that case, adds nothing so far as the judgments now under attack are concerned.

We have again carefully read what Judges Van Pelt and Delehant separately said in their cited opinions in 202 F.Supp. and 225 F.Supp., what this court has said in its cited opinions in 309 F.2d and 334 F.2d, and what Judges Van Pelt and Delehant jointly said in their careful, lengthy (34 pages), and scholarly opinion in 258 F.Supp. We have nothing to add, and, indeed, could say no better what already has been said ably and with extraordinary meticulousness by the two district judges. We affirm on the basis of their reported opinion. Rhodes has had his day—and more than his day—in court.

---

1. Mr. Rhodes was disbarred in Nebraska in 1964, State ex rel. Nebraska State Bar Ass'n v. Rhodes, 177 Neb. 650, 131 N.W.2d 118 (1964), and in federal court there in January 1966, In re Rhodes, 370 F.2d 411 (8 Cir. 1967), cert. denied, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349.

We see nothing of assistance to Rhodes in Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969), urged upon us at oral argument, or in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Parker v. Sigler, 413 F.2d 459 (8 Cir. 1969); Losieau v. Sigler, 406 F.2d 795 (8 Cir. 1969) (petition for certiorari pending), or Oksanen v. United States, 362 F.2d 74 (8 Cir. 1966), emphasized in Rhodes' briefs. So far as he would assert the absence of counsel at his state court sentencing in 1960, the obvious and conclusive answer is that (a) the point is not, at this late date, to be raised for the first time and (b) counsel's absence was pursuant to specific instruction from Rhodes and is but another factor in his waiver of any right to counsel. And so far as he would assert violation of a fifth amendment privilege against self-incrimination at his state trial, the answer is (a) that the testimony evoked from him, as the record reads, is hardly to be deemed as incriminatory and (b) Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), was decided after Rhodes' Nebraska state trial in 1960, and we do not apply Malloy v. Hogan retroactively. See Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

The post-appeal motions filed with us by Rhodes are severally denied. If either party deems it necessary so to do, formal suggestions of the deaths of Clarence S. Beck and Carl Sanders may be filed in this court or in the district court, as is proper at the time of filing the suggestions.

We hope—and we say this with intended kindness—that Mr. Rhodes will not further deplete his energies and his substance on these causes which, for him, were final and lost long ago.[2]

Affirmed.

---

2. We note among the reported cases, in addition to those hereinabove cited: Rhodes v. Houston, 172 Neb. 177, 108 N.W.2d 807 (1961); McFarland v. State, 172 Neb. 251, 109 N.W.2d 397 (1961); Rhodes v. Sigler, 172 Neb. 439, 109 N.W.2d 731 (1961), cert. denied, 369 U.S. 848, 82 S.Ct. 931, 8 L.Ed.2d 8; Rhodes v. Crites, 173 Neb. 501, 113 N.W.2d 611 (1962); Rhodes v. Star Herald Printing Co., 173 Neb. 496, 113 N.W.2d 658 (1962), cert. denied, 371 U.S. 822, 83 S.Ct. 39, 9 L.Ed.2d 62; Rhodes v. Jones, 351 F.2d 884 (8 Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673; Mattice v. Meyer, 353 F.2d 316 (8 Cir. 1965), cert. denied, Rhodes v. Meyer, 383 U.S. 939, 86 S.Ct. 1073, 15 L.Ed.2d 856; Rhodes v. Continental Ins. Co., 180 Neb. 10, 141 N.W.2d 415 (1966), 180 Neb. 794, 146 N.W.2d 66 (1966); Edmondson v. Nebraska ex rel. Meyer, 383 F.2d 123 (8 Cir. 1967).