**Paul RHODES, Appellant,**

v.

**Vaughn GERMAIN et al., Appellees.**

**No. 72–1386.**

United States Court of Appeals,
Eighth Circuit.

Dec. 26, 1972.

---

———◆———

Paul Rhodes, pro se.

Richard H. William, Lincoln, Neb., for appellee Germain.

Haney, Wintroub & Haney, Omaha, Neb., for appellees Continental Ins. Co., and others.

Steven J. Lustgarten, Omaha, Neb., for appellee Robert W. Haney, Sr.

Robert G. Simmons, Jr., Scottsbluff, Ark., for appellees Floyd Wright, and others.

J. Cedric Conover, Bridgeport, Neb., for appellees R. A. Berg and Walter Arfmann.

Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant Paul Rhodes brought suit in the United States District Court for the District of Nebraska alleging that a conspiracy existed between various individuals and insurance companies; that as a result thereof he, Rhodes, was forced to suffer an unlawful search and seizure and be deprived of his liberty without due process of law; and he sought compensatory damages in the amount of $50,000.00 and punitive damages in the same amount. Rhodes described his action in the preliminary statement to his brief as a "Federal Civil Rights Action, *Malicious prosecution;* that the conspiracy consisting of Nebraska officials, Morrill County officials of Nebraska, Bridgeport City officials and insurance companies and their employees. . . ." His claim was that the named defendants and companies on November 23, 1959 instituted a malicious prosecution for arson against him which action was commenced to defraud him of $8900.00 that was due him from various insurance policies in force at the time.

Rhodes in his complaint before the district court alleged that on the 11th day of January, 1960 certain of the defendants under color of their office as Sheriff of Morrill County, Nebraska and state highway patrolman of the State of Nebraska without warrant or legal right searched his private office, forcefully arrested him and lodged him in jail; that he was released upon a habeas corpus writ; that on January 11, 1960 Rhodes was taken before the County District Court which resulted in further imprisonment and caused his disbarment as well as holding him up to public scorn, humiliating him among his friends, relatives and associates, forcing him out of business as an attorney, farmer and insurance agent and destroying his business as a real estate broker.

In an exhaustive brief before this court Rhodes discusses the legal points relied upon, many in number, raising jurisdictional questions, validity of the search and seizure, immunity of parties, his constitutional rights, etc.

Appellees moved for a dismissal or summary judgment in the district court which court entered an order of dismissal on May 12, 1972. The appellees, five groups of them, individuals and corporate, move this court for an order dismissing appellant's appeal on the ground

that appellant has failed to timely transmit the record as required by Rule 12(c) of the Rules of Appellate Procedure. Rhodes responded to these motions asserting that he "did not understand the rules for the preparation of the Record for this Court and has been since called to his attention to master the rules which he had misinterpreted and request the Court for more time for getting the record transmitted to this court." Rhodes has also filed a motion in this court to hear the case on the original record of the district court.

We have examined appellant's copious brief, citation of authorities and excerpts from the record and the various motions by appellees, particularly the ones including the certificate of the Clerk of the United States District Court for the District of Nebraska certifying that on the 12th day of May, 1972 an order was entered by the late Richard A. Dier, then United States District Judge, dismissing the cause in that court with a copy of his opinion attached, and certifying that the notice of appeal was filed in the district court on May 24, 1972 and that no order extending the time for transmitting the record had been entered in the district court as of October 24, 1972.

We point all of this out merely to show that we are fully apprised of the factual background of this litigation as well as having the benefit of the court's opinion below, the citation of numerous authorities in Rhodes' brief and various orders on file with the district court, and as a consequence are as sufficiently informed as if we had the complete transcript and briefs in support of the position of the various parties.

Rhodes is no stranger to this court and had appeared before us prior to his disbarment and subsequently in a pro se status. We are therefore not impressed by Rhodes' claim of misunderstanding the rules. Nonetheless we have considered his case on his brief (which was filed long after the time for filing of the record) and all pertinent facts and records. We have patiently and fully considered his problems over a period of years and he still persists in litigating and relitigating the same issues.[1]

We have concluded from the information at hand that there is no necessity to consider either the appellant's alleged misunderstanding of the rules or the various appellees' motions to dismiss appellant's appeal by reason of his failure to timely transmit the record. We are

---

1. In Rhodes v. Houston, 418 F.2d 1309 (8th Cir. 1969), cert. denied, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970), this court said: "We hope—and we say this with intended kindness—that Mr. Rhodes will not further deplete his energies and his substance on these causes which, for him, were final and lost long ago." 418 F.2d at 1311. As the following partial list of citations indicate Mr. Rhodes has not yet heeded our advice. *See, e. g.*, Edmonson [and Rhodes] v. Neb. ex rel. Meyer, 383 F.2d 123 (8th Cir. 1967) ; In re Rhodes, 370 F.2d 411 (8th Cir.), cert. denied, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967) ; Mattice [and Rhodes] v. Meyer, 353 F.2d 316 (8th Cir. 1965), cert. denied, sub nom. Rhodes v. Meyer, 383 U.S. 939, 86 S.Ct. 1073, 15 L.Ed.2d 856 (1966) ; Rhodes v. Jones, 351 F.2d 884 (8th Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 914, 15 L. Ed.2d 673 (1966) ; Rhodes v. Meyer, 225 F.Supp. 80 (D.Neb.1963), aff'd, 334 F.2d 709 (8th Cir.), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964) ; Rhodes v. Houston, 202 F. Supp. 624 (D.Neb.1962), aff'd, 309 F.2d 959 (8th Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963) ; Rhodes v. Houston, 172 Neb. 177, 108 N.W.2d 807 (1961) ; Rhodes v. Sigler, 172 Neb. 439, 109 N.W.2d 731 (1961), cert. denied, 369 U.S. 848, 82 S.Ct. 931, 8 L.Ed.2d 8 (1962) ; Rhodes v. Crites, 173 Neb. 501, 113 N.W.2d 611 (1962) ; Rhodes v. Star Herald Printing Co., 173 Neb. 496, 113 N.W.2d 658 (1962), cert. denied, 371 U.S. 822, 83 S.Ct. 39, 9 L.Ed. 2d 62 (1962) ; State ex rel. Neb. State Bar Ass'n v. Rhodes, 177 Neb. 650, 131 N.W.2d 118 (1964) ; Rhodes v. Continental Ins. Co., 180 Neb. 10, 141 N.W.2d 415 (1966) ; Rhodes v. Continental Ins. Co., 180 Neb. 794, 146 N.W.2d 66 (1966). We have picked these cases at random and they do not constitute all of Rhodes' litigious efforts. We cite them merely as examples of the bizarre circumstances that will hopefully now come to an end.

convinced that this case should be dismissed as frivolous and appeals involving similar issues, if any should be received, will be disposed of by per curiam reference to this opinion.

It is so ordered.