**FLAVOR CORPORATION OF AMERICA,**
**Appellant,**

**v.**

**KEMIN INDUSTRIES, INC., and Rolland W. Nelson, Appellees.**

**No. 74–1471.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1974.

Decided Oct. 11, 1974.

---

William E. Lucas, Chicago, Ill., and Donald A. Wine, Des Moines, Iowa, for appellant.

Donald H. Zarley and Michael G. Voorhees, Des Moines, Iowa, for appellees.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this appeal, Flavor Corporation of America (FCA) challenges an order of the District Court which FCA contends contravenes a prior judgment and injunction of the same court which, upon appeal, this court approved and affirmed.[1]

Briefly summarized, the holding of the District Court in the original action was as follows: (1) the registered trademark "PESTLUR" held by FCA was a descriptive mark and, since not incontestable, was entitled to protection

1. Flavor Corp. of America v. Kemin Indus., Inc., 493 F.2d 275 (8th Cir. 1974).

only where it had acquired a secondary meaning; (2) as of the date of the injunction, such secondary meaning had been established only in the states of Georgia and Florida; (3) the common law trademark "LURE" held by Kemin Industries, Inc. (Kemin) had been adopted in good faith and without prior knowledge of FCA's "PESTLUR" and had acquired superior common law trademark rights in ten other states prior to the registration of "PEST-LUR"; (4) the Lanham Act controlled in the remaining 38 states;[2] and (5) the marks "PESTLUR" and "LURE" were so confusingly similar as to cause a likelihood of confusion.[3] Accordingly, the District Court enjoined Kemin "from competing with plaintiff, Flavor Corporation of America under its 'LUR' [sic] trade marks in the states of Georgia and Florida." Further injunctive relief was denied.

Kemin sought, pursuant to Fed.R.Civ. P. 59, to have the order amended to permit Kemin to continue advertising in national publications. The District Court denied the motion stating its belief that such an amendment would "severely dilute the original judgment." Kemin raised this issue on its cross-appeal but never sought anything less than an unlimited right to advertise products using the "LURE" mark in national publications, whether or not such publications reached the states of Georgia and Florida. We affirmed the District Court. Flavor Corp. of America v. Kemin Industries, Inc., 493 F.2d 275 (8th Cir. 1974). In dealing with the issue of national advertising, we said:

> The trial court properly considered the advertising factor and its conclusion that 'Pestlur' had not acquired a secondary meaning in the 38 states controlled by the Lanham Act is not clearly erroneous. Kemin, on the other hand, must accommodate its own advertising program to the District Court's injunction, in order to avoid further infringement in Florida and Georgia. Modern marketing techniques permit such accommodation in most instances; in others Kemin must suffer the burden resulting from its infringement.

493 F.2d at 284.

### The Present Appeal

Subsequent to the original appeal, Kemin sought leave in the District Court to use its mark in connection with national advertising with a notation that *"These flavors available only under the trademark 'TREET' in Georgia and Florida."* The District Court refused this request, but entered an order granting Kemin permission to advertise its products in national publications, providing the marks were accompanied by an asterisk and a notation in equal type size that *"This product is not available in Georgia and Florida."* It is from this order that FCA now appeals.

FCA contends that the effect of the District Court's order is either (1) to modify without the consent of this court an injunction in effect sealed by our affirmance or (2) to render an advisory opinion, contrary to law. We reject these contentions and affirm the order of the District Court.

The original order of the District Court enjoined Kemin only from "competing" with FCA under its "LURE" marks in the states of Georgia and Florida. Kemin was therefore free to advertise in all of the remaining 48 states, at least until FCA's marks acquired a secondary meaning in one of the 38 states governed by the Lanham Act. The injunction posed a very practical problem for Kemin in planning its

---

2. *See* 15 U.S.C. § 1072.

3. The finding that the marks were confusingly similar was based upon a prior finding by the Court of Customs and Patent Appeals; the District Court applied principles of collateral estoppel, and we affirmed.

national advertising program. On the one hand, it had been denied permission to have national advertising excluded from the injunction against "competing." On the other hand, the injunction did not expressly preclude advertising which carried a satisfactory disclaimer as to the two states covered by the injunction. Kemin therefore sought and obtained from the District Court a clarification of its ruling, rather than risking a contempt citation should its own interpretation prove to be erroneous.

■ We cannot agree that anything in our opinion precluded the relief sought and obtained in the District Court. We held that Kemin must accommodate its advertising program to the injunction and that "[m]odern marketing techniques permit such accommodation in most instances. . . ." Thus, while we upheld the trial court's refusal to exclude all national advertising from its injunction, we said nothing to preclude the District Court from considering the intended scope of its own injunction. Reliance upon Rhodes v. Houston, 258 F.Supp. 546 (D.Neb.1966), aff'd, 418 F.2d 1309 (8th Cir. 1969), cert. denied, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970), is therefore misplaced.

■ ■ It is well established that injunctions do not give rise to vested rights; they enforce only rights existing under current law and conditions. United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932). While a decree may not normally be changed in the interests of the defendants if the purposes of the litigation as incorporated in the decree have not been fully achieved, unforeseen hardships to the defendants may be considered, especially where there are (1) changes in operative facts, (2) changes in the relevant decisional law, and (3) changes in any applicable statutory law. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2961, at 604–05 (1973);

Developments in the Law—Injunctions, 78 Harv.L.Rev. 994, 1080–86 (1965).

■ We do not think, however, that the action of the District Court was a modification of the decree, as that term is traditionally understood. More accurately, it was a clarification of the intended reach of a briefly worded decree enjoining Kemin "from competing with plaintiff, Flavor Corporation of America under its 'LUR' [sic] trade marks in the states of Georgia and Florida." While the District Court, in its separate order declined to exclude all national advertising from the reach of its injunction, it neither was asked to, nor did it, deal with the type of controlled use of national advertising submitted to it following our affirmance. It is common knowledge that advertisements in national publications are not readily susceptible of modifications to permit variations in format in the respective states. If the original injunction were read as prohibiting the use of all advertising in national publications which might find their way into the states of Georgia and Florida, it would cast an obvious hardship upon Kemin since such an order would, as a practical matter, preclude Kemin from advertising in national publications intended to reach the remaining 48 states in which it has a clear right to advertise. The trial judge, upon motion of Kemin, set out to refine his original decree to make clear a proper balancing of competing interests in fashioning an appropriate remedy. By his order, he demonstrated that he intended to foreclose Kemin from selling or advertising *for* sale in Georgia and Florida any of its products sold elsewhere under the "LURE" mark. He required the advertising to make that nonavailability in Georgia and Florida plainly evident.

■ FCA argues that it is not enough that such advertising discloses the nonavailability of Kemin's products in Georgia and Florida; it contends that any advertising which contains the con-

fusingly similar "LURE" mark under such circumstances will lead potential customers to believe that "PESTLUR" is not available in Georgia or Florida. While this argument is not without merit, we hold that the trial court did not abuse its discretion in balancing the competing interests of the parties in the manner which it selected. The bare possibility that a potential customer of "PESTLUR" might be misled by Kemin's advertisement into thinking he could not obtain "PESTLUR" in Georgia and Florida is insufficient to justify the punitive effect of an injunction construed to prohibit *all* national advertising. The District Court did not so intend its decree and made this clear in its subsequent order.

We do not intend to hold that clarification orders are appropriate in every circumstance. Clarification is largely discretionary with the trial court. *See* Regal Knit Wear Co. v. NLRB, 324 U.S. 9, 15, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1945). The original injunction was terse in form. It did not attempt to come to grips with problems of competition which were apt to flow from the complex findings of the court, which gave priority to FCA in two states, priority to Kemin in ten states and made competition between the parties in the remaining 38 states subject to the Lanham Act. Just "as events may shape the need" for modification,[4] we hold that the District Court which issues an injunction has the same "wide discretion" to clarify or define the original injunction as it has on consideration of a motion to vacate or modify. System Federation No. 91, Railway Employes' Department, AFL–CIO v. Wright, 364 U.S. 642, 648, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961). There has been no showing in this case that such discretion was abused.

Affirmed.

4. United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, (1932).