**ARKANSAS COMMUNITY ORGANIZA-
TION FOR REFORM NOW et
al., Appellants,**

v.

**William T. COLEMAN, Jr., Individually
and as Secretary of the United States
Department of Transportation, et al., Ap-
pellees.**

**Maurice SMITH, et al., Cross-appellants,**

v.

**ARKANSAS COMMUNITY ORGANIZA-
TION FOR REFORM NOW et al.,
Cross-appellees.**

Nos. 75–1681, 75–1777.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1975.

Decided Feb. 13, 1976.

Order Mar. 26, 1976.

John T. Lavey, Little Rock, Ark., for Arkansas Community Organization for Reform Now, and others.

O. H. Storey, III, Asst. U. S. Atty., Little Rock, Ark., for Coleman, etc., and others.

James N. Dowell, Atty., Arkansas State Highway Commission, Little Rock, Ark., for State defendants and intervenor.

Philip D. Peters and John T. Lavey, Little Rock, Ark., for appellants in No. 75–1681 and appellees in No. 75–1777.

W. H. Dillahunty, U. S. Atty., and O. H. Storey, III, Asst. U. S. Atty., Little Rock, Ark., for officials of the Dept. of Transportation and the Federal Highway Administration.

Harold H. Simpson, II, Spitzberg, Mitchell & Hayes, Little Rock, Ark., for Baptist Medical Center.

Robert V. Light, Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., for Little Rock School District.

Joseph Kemp, Kemp & Henry, Little Rock, Ark., for the City of Little Rock.

Thomas B. Keys, Chief Counsel, Little Rock, Ark., and James N. Dowell, Kenneth R. Brock, Attys., Arkansas State Highway Commission, Little Rock, Ark., for appellees, cross-appellants in Nos. 75–1681 and 75–1777.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This is an appeal from the entry of an order by the district court[1] enjoining a segment of the construction of a federally-funded expressway pending preparation and filing of an environmental impact statement (EIS) pursuant to section 102(2)(C) of the National Environmental Policy Act of 1969 (NEPA).[2] *Arkansas Community Organization For Reform Now v. Brinegar,* 398 F.Supp. 685 (E.D.Ark.1975). The action requesting declaratory and injunctive relief was initiated by the appellants, Arkansas Community Organization For Reform Now (ACORN) and individual members of that organization who reside in the eastern part of the city of Little Rock,

Arkansas. ACORN is a nonprofit, unincorporated association representing people of middle or low incomes. The requested relief was directed at the appellees, the Secretary of the United States Department of Transportation, the Administrator of Region 6 of the Federal Highway Administration (FHWA), the Division Engineer of the Department of Transportation, individual members of the Arkansas State Highway Department, and the Director of the Arkansas State Highway Department. The city of Little Rock, the Little Rock Public School District, and the Arkansas Baptist Medical Center have been permitted to intervene. All are aligned with the appellees.

Appellants have attempted to prevent or delay further construction of the Wilbur D. Mills Freeway, designed as a six-lane, controlled access, divided expressway running across the city of Little Rock from east to west between I–30 and I–430. In the district court appellants contended that the Secretary of Transportation had not made environmental findings required by section 4(f) of the Transportation Act of 1966[3] and section 18(a) of the Federal-Aid Highway Act of 1968[4] with respect to public parks, specifically McArthur and Kanis, which are located adjacent to the proposed highway route. Appellants further asserted that the Arkansas State Highway Department had not adequately discharged its obligations under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970,[5] which demands assurance of alternative housing to people displaced by highway construction. Finally, it was claimed that the draft and final EIS prepared by the Arkansas State Highway Department and approved by the FHWA had not satisfied the discussional requirements of NEPA.

Appellees contended that ACORN's claims were entirely without merit. It was

---

1. The Honorable J. Smith Henley, Circuit Judge. At the inception of this action Judge Henley was sitting as United States District Judge for the Eastern District of Arkansas and subsequently was appointed to the Eighth Circuit Court of Appeals.

2. 42 U.S.C. § 4332(C) (1970).

3. 49 U.S.C. § 1653(f) (1970).

4. 23 U.S.C. § 138 (1970).

5. 42 U.S.C. § 4601 et seq. (1970).

also asserted by the appellees that ACORN should have been barred by laches from maintaining the suit. The district court, however, found that the delay in the commencement of the suit had been caused by the unsuccessful efforts of ACORN to obtain financial assistance from other environmental groups and that the appellees had not been prejudiced by the delay. The court rejected, therefore, the defense of laches.

In reaching the merits of ACORN's claims, the district court found that McArthur Park and Kanis Park will not be impacted by the highway project to the extent that the environmental impacts will amount to a constructive use of the parks. Accordingly, the court concluded that it was not necessary for the Secretary of Transportation to make affirmative section 4(f) findings. Section 4(f) provides that no part of a public park may be "used" for federal highway purposes unless the Secretary finds that there is no feasible or prudent alternative to such a use and that all possible planning has been done to minimize harm to the park. See 49 U.S.C. § 1653(f) (1970). See also 23 U.S.C. § 138 (1970). Moreover, the trial court found that adequate and appropriate plans existed for ensuring the orderly and efficient relocation of people compelled to move from their homes because of the highway construction. See 42 U.S.C. § 4601 et seq. (1970). Finally, the district court found that the environmental impact statements were inadequate, particularly in the area of alternatives and alternatives relating to the design of the project, and concluded that the statements would have to be rewritten.[6] See 42 U.S.C. § 4332(2)(C) (1970).

Consequently, the district court exercised its remedial discretion by enjoining further construction of the eastern segment[7] of the highway project. Since the court found

that the Little Rock School District was faced with time limits relating to federal funding and planning for the relocation of Parham School in the eastern segment, the Highway Department was allowed to resort to condemnation if necessary real estate could not be acquired voluntarily. Furthermore, the trial court found that continuation of work in the western segment of the highway would not inflict immediate harm on anyone, would avoid further delay of the availability of transportation in that locale, and would obviate interference with necessary health care services emanating from the Baptist Medical Center.

Generally, appellants contend that the district court erred by failing to require a section 4(f) statement, concluding that adequate relocation plans were available, refusing to grant injunctive relief with regard to the western segment of the highway, and failing to enjoin condemnation of real estate necessary to ensure relocation of Parham School.

A cross-appeal has also been filed by the state appellees, i. e., individual members of the Arkansas State Highway Commission and the Director of the Arkansas State Highway Department. Principally, the cross-appellants assert that the trial court erred by declaring the environmental impact statements to be inadequate, requiring new statements to be prepared as outlined in the district court opinion and granting injunctive relief with respect to the eastern segment of the project.

■ We affirm on the basis of the well-reasoned opinion of the district court. *Arkansas Community Organization For Reform Now v. Brinegar*, 398 F.Supp. 685 (E.D.Ark.1975). We are satisfied that the findings of the district court are amply supported by the record and no error of law is apparent. *See* Rule 14.

Affirmed.

---

6. Since new environmental impact statements were ordered to be prepared, the court did not reach the issue of whether the FHWA had impermissibly delegated its responsibility to prepare the statements.

7. The district court denominated the part of the highway project east of Dennison Street in Little Rock as the eastern segment and the part of the project west of University Avenue as the western segment.

## ORDER

Cross-appellants in No. 75–1777 move this court for leave to proceed in the United States District Court, Eastern District of Arkansas, Western Division, with a motion under Rule 60(b), Fed.R.Civ.P., for relief from judgment and clarification of judgment. More specifically, they urge that it is no longer equitable that the terms of the injunction entered herein have prospective application in certain respects (rule 60(b)(5)) because changed operative facts surrounding the project support modifications serving substantial justice. For example, they urge that utility adjustments and relocations need to be accomplished during the allowed voluntary acquisition stage of the project. Cross-appellees resist cross-appellants' motion contending that cross-appellants are seeking to reverse the judgment of the district court which was affirmed by this court on appeal.

We are satisfied that a decree may not normally be changed if the purposes of the litigation have not been fully achieved. However, unforeseen hardships and/or changing conditions may require modifications. *Flavor Corporation of America v. Kemin Industries, Inc.*, 503 F.2d 729 (8th Cir. 1974). *See also United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999, 1005 (1932). The need for clarification is largely within the discretion of the trial court.

In the instant case, the trial court retained jurisdiction "for all appropriate purposes." 388 F.Supp. at 700. Leave is granted cross-appellants to seek relief in the district court under Rule 60(b). We express no opinion with respect to the merits thereof.[1]

---

1. Cross-appellants request that the original trial judge, now Circuit Judge J. Smith Henley, be specially designated to hear this cause. This is a matter to be considered by the district court.