**A–PLUS ANSWERING SERVICE, INC., et al., Plaintiffs,**

v.

**ELMHURST ANSWERING EXCHANGE, INC., et al., Defendants.**

No. 75 C 1163.

United States District Court, E. D. New York.

April 18, 1977.

McGarvey & Steele, Kew Gardens, N. Y., for plaintiffs.

Stein, Schwartz, Chesir & Rosh, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

On March 12, 1976 the plaintiffs in this action failed to appear for a scheduled pretrial conference at 11:00 AM. The case was called at 11:10 AM and dismissed. The plaintiffs arrived at 11:30, and were advised of the dismissal.

The plaintiffs move under Rule 60(b)(1) of the Federal Rules of Civil Procedure for an order vacating the default on the grounds of excusable neglect.

Rule 60 requires that a motion thereunder to relieve a party from a final order because of mistake, inadvertence, surprise or excusable neglect "be made" within a reasonable time and not later than one year from the time of the default. This motion was mailed to opposing counsel on March 10, 1977 and filed with this Court on March 14, 1977, more than one year after the default.

The first question is when was the motion "made" for purposes of Rule 60? The Court in *Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb.1966), *aff'd*, 418 F.2d 1309 (8th Cir. 1969), *cert. denied*, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970), answered this question as follows (258 F.Supp. at 557):

> "The court first confronts the important issue of the untimeliness of the tender in these cases of the plaintiff's Motion to Vacate Judgment which, with the minor verbal variation already noted, is common to all of them. It was filed in each of the cases on September 27, 1965, supra. That, therefore, is the presently critical date, for it was by such filing that the motion was 'made' within the defining language of the rule, et supra et infra.

"This observation appears to this court to be appropriate as a reflection preliminary to the consideration of the limitations of time set out in Rule 60(b). That rule is one of those of the Federal Rules of Civil Procedure *which are explicitly excepted from the liberal allowance to the trial court by Rule 6(b), of the authority to enlarge the time for the taking of actions contemplated by the rules.*" (Emphasis in original.)

Since plaintiffs' motion to vacate their default herein was filed more than one year after the default, the same must be denied.

However, we do not rest our decision solely on that ground as the record here indicates that even if the motion were timely, the plaintiffs present insufficient evidence to show why a year was a reasonable period under Rule 60(b).

The complaint in this case was filed on July 22, 1975 and on October 21, 1975 defendants' answer was filed. On that same date the defendant served the plaintiffs with interrogatories.

On February 6, 1976 at a pretrial conference the Court was informed that the plaintiffs had not answered the interrogatories and directed the plaintiffs to serve answers by February 13, 1976. The plaintiffs served incomplete answers on February 24 and on February 26 the defendants requested more complete answers. On March 3, 1976 the plaintiffs wrote the defendants saying they would serve the defendants with amended interrogatories. This still has not been done.

On March 12, 1976 the plaintiffs were not on time for the pretrial conference that was scheduled for that date, and their complaint was dismissed. Now, over a year later, the plaintiffs seek to reopen that default.

The plaintiffs' explanation of why this motion was not made for over a year is, to say the least, weak. The plaintiffs' attorneys state that until July 30, 1976 they did not pursue this action because the plaintiffs did not authorize them to do so. If the plaintiffs did not authorize pursuit of the action, then they must bear the consequences.

After July 30, 1976 the plaintiffs' attorneys admit they were authorized to proceed, but state they were too busy to move to reopen. This explanation is insufficient to avoid a denial of their motion.

The plaintiffs' motion to vacate their default under Rule 60(b) must be, and the same hereby is, denied.

SO ORDERED.